IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-113-BO

| | | |
|---|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| BUTTERBALL, LLC, | ) ) ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss or, in the alternative, to transfer this action to the United States District Court for the Western District of Missouri. Plaintiff has responded, defendant has replied, and a hearing was held on the matter before the undersigned on November 7, 2018, at Raleigh, North Carolina. In this posture, the matter is ripe for ruling and, for the reasons that follow, this action is dismissed.

BACKGROUND

Plaintiff, Great American, instituted this action by filing a complaint in this Court on March 26, 2018, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Specifically, Great American seeks a declaration that its Policy of Insurance No. PEL 2628947 04 provides no coverage to defendant, Butterball, for an environmental pollution claim. [DE 3]. Great American has continuously insured Butterball since 2008 and the policy at issue provided premises environmental liability insurance to Butterball. The complaint alleges that on or about May 5, 2015, Butterball became aware of unknown liquids leaking from unmarked tanks, overflowing containment areas, and other potential environmental issues at its 530 North Main Street, Carthage,

Missouri site. Butterball has spent approximately $3,000,000.00 on remediation costs and anticipates additional cleanup costs of approximately $500,000.00.

The complaint further alleges that the 530 North Main Street location is not a covered location under the policy, that the claim is not covered because it was not reported to Great American as soon as practicable, that Great American has been and continues to be prejudiced by the prolonged and unexcused delay in notice, and that Butterball has incurred expenses in violation of the policy. Great American alleges that for these independent and sufficient reasons a declaration that the policy at issue provides no coverage to Butterball is appropriate. Great American's complaint seeking a declaratory judgment was filed prior to its denial of Butterball's claim for coverage. [DE 20] Franken Decl. ¶¶ 6,7.

On July 18, 2018, Butterball initiated a civil action against Great American in Jasper County, Missouri Circuit Court seeking a declaratory judgment that the policy at issue here provides coverage, and additionally alleging claims for breach of contract and vexatious refusal to pay under Missouri law. *See* [DE 21-12]; *see also Butterball v. Great Am. E&S Ins. Co.*, No. 3:18-CV-5074-BP (W.D.Mo. Aug. 16, 2018). Great American removed that action to the United States District Court for the Western District of Missouri, and shortly thereafter filed a motion to transfer the Missouri action to this Court, which remains pending. *Id.* at [DE 11] (W.D.Mo. Aug. 24, 2018). Butterball filed the instant motion to dismiss or transfer on September 17, 2015.

## DISCUSSION

A district court may upon the filing of an appropriate pleading "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, a district court may in its discretion decline to exercise jurisdiction over a declaratory judgment action, as no mandatory obligation to declare the

litigant's rights is imposed by the Declaratory Judgment Act. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir. 1998). A court's discretion in declining to exercise jurisdiction over a declaratory judgment action is not unfettered, and it may only do so for good reason. *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937).

Guiding a court's discretion in determining whether to exercise jurisdiction over a declaratory judgment action is whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and whether "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 325. Declaratory judgment actions should not be used to "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Id.* Declaratory judgment actions should also not be used "as a tool to strengthen a negotiation position or to preempt claimant's choice of forum." *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp. 2d 823, 829-30 (E.D. Va. 2001).

As is required to exercise jurisdiction under the Declaratory Judgment Act, the Court has determined that it has jurisdiction over the parties and that an actual controversy of sufficient immediacy has been presented. *Volvo Const. Equip. N. Am., Inc., v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). The Court has further determined, however, that it is appropriate to decline to exercise such jurisdiction in this instance.

Although courts in this circuit generally follow the first-filed rule to afford a presumption of priority to an action which is filed first, *Learning Network, Inc. v. Discovery Comm., Inc.*, 11 F. App'x 297, 300 (4th Cir. 2001); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003), courts will decline to apply the first-filed rule where special circumstances exist. *See Remington Arms Co. v. Alliant Techsystems, Inc.*, No. 1:03CV1051, 2004 WL 444574,

at *3 (M.D.N.C. Feb. 25, 2004). Here, Great American's suit was filed prior to its denial of Butterball's claim and in "apparent anticipation of a suit in another forum." *Yoder v. Heinold Commodities, Inc.*, 630 F. Supp. 756, 760 (E.D. Va. 1986). It is therefore appropriate to decline to apply the first-filed rule in this instance.

In the absence of any priority to Great American's choice of forum, the Court is aware of no circumstance which would prevent the parties from enjoying a full and adequate forum in the Western District of Missouri, within which they may seek adjudication of all claims arising out of their dispute. *See Selective Ins. Co. of Am. v. Dail*, No. 4:14-CV-00103-F, 2015 WL 5330109, at *2 (E.D.N.C. Sept. 11, 2015) (noting that pendency of another federal action involving the same parties and issues is an important factor to be considered). Continuing to exercise jurisdiction here would thus serve no useful purpose, and this matter is properly dismissed.

## CONCLUSION

For the foregoing reasons, the Court in its discretion declines to exercise jurisdiction over this action. Defendant's motion to dismiss [DE 15] is GRANTED. The clerk is directed to close the case.

SO ORDERED, this 15 day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE